*245 .Opinion of the Court, by
Judge Owslev.
THISFsuit was brought by the Bank in its corporate narqe, against its Cashier, tyloses Hopkins, and hi^sureties, upon his official bond.
, The declaration is |n debt, upon the penalty, setting out the condition, and assigning breaches specifically.
Upon a demurrer to the declaration, the court below rendered jqdgment against the Bank.
(1) We have been unable to perceive the principle upon which the court went, in sustaining the demurrer, unless it was thought that the bond upon which the action is founded possesses no legal validity, in consequence of the condition not being in strict conformity to the requisitions of the act incorporating' the Bank.
The act requires of the Cashier, before he enters upon the duties of his office, to give bond with two or pnore securities, to be approved of by the Directors of *246 tjie corporation, in a sum, not less than thirty thousand dollars, conditioned for the faithful discharge of the dit-' tics of his office.
A Bank au-statute^to^ make by-’aws, and to ¡Vomits'1 Cashier, con-may enlarge the condition so as to embrace all duties which it by-la wire-3 qnire of the officer, and so \rithoutieiut-ting them in-toby-laws, ditioned for the faitlifpl discharge of ihe duties of his office,
The bond up.on which the suit is founded, contains a condition, “ that said Hopkins should well and, truly Per^orm the duties o.f his office according to law and the by-lqws of the institution, during the term.of. his continuance in office}, and that he should-also ca.r.e-fu¡¡j preserve all money, hooks, papers, &c. belonging gjjjd Rank; and not at any time,, directly or indirect-3v, make known, in any. way, to an.y person or persons.,' except the president and Directors of said Bank, any secrets, or other words, that may discover the situation or state of the funds or credits of the said BankT
The condition of the bond thus recited, wilh at once he perceived not to be in language precisely 'the same as that employed in the act requiring the Cashier to give bond; bqt, though not m language the same, wq apprehend the variance is not Sueldas to invalidate the. bond.
It was incumbent upon Hopkins, according to tbq, provisions of the act of incorporation, to execute a bond; conditioned for the faithful discharge of the duties oí; bis office, if such had been the precise expressions of the condition of the bond which was executed, it could. not denied, but under the authority giyen in othqr Pai’ts of the act, to the Directors, to adopt by-laws, that the performance of every stipulation contained in the condition of the bond, might, in the form of by-laws, have been required of the Cashier; and after the adoption of such by-laws, and failure to. perform the duties imp0sed by them, an action might be. sustained on the , j -o ■ nonu.
It is not, therefore, perceived, how it is possible tor. any stipulation contained in the condition, to render the bond invalid. The condition requires nothing to be performed by the Cashier, which might not. have been required of him by a bond conditioned in strict con-. f°rm’dy to the act of incorporation. Under such a bond, it is true, the duties would have to be imposed upon the Cashier through the medium of by-laws; but the adoption of by-laws would be the act of the Direc-. tors,, to whom the bond was. executed, and. if competent, after t.he receipt of a bond from the Cashier, to, imp.ose duties which his bond woqld, oblige him to perf. *247 form, what principle is it, that can exclude the Directors, when taking the bond, from adopting rules for the government of the Cashiei', and making those rules compose part of the stipulations in the condition of the bond?
(2) Though a declaration in debt, on a bond with conditions, containing soine insufficient assignments of breaches, is . good on gbttk eral demurrer, if a general verdict be rendered for plaintiff, ■ the judgment; may he arrested.
Bibb, for appellants.
(2) The demurrer ought not, therefore, to have been sustained; but, as the cause must be remanded for further proceedings in the court below, it is proper tore-mark, that’ although the declaration contains a good cause of action, some of the breaches assigned are; insufficient; so that if a general verdict should be found for the plaintiffs, upon the declaration as it now stands, the judgment might be arrested.
The judgment must be reversed with costs, the cause .remanded to the court below, and judgment there entered in iavor of the plaintiffs in that court, upon the demurrer, unless the defendants should apply for leave to withdraw their demurrer and plead to the action, and such further, proceedings there had; as may not be inconsistent with this opinion-.